UNITED STATES v. McCOY et al.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1900.)

No. 599.

1. POST OFFICE—ACTION ON MAIL CONTRACTOR'S BOND—EVIDENCE OF BREACH.
    In an action by the United States on the bond of a mail-route contractor, to recover damages resulting from the alleged abandonment of the contract by defendant, where the answer contains a general denial it is incumbent on the plaintiff to prove the alleged abandonment; and a certificate of the postmaster general and correspondence of the post-office department in relation thereto, and a telegram from a postmaster to the department stating the fact of abandonment, are insufficient to make out a prima facie case of entire failure to perform the contract.

2. SAME—FINES FOR VIOLATION OF CONTRACT—EVIDENCE.
    A document authenticated by the postmaster general, under the seal of the department, reciting the imposition of a fine upon a mail-route contractor for nonperformance of his contract, as authorized by Rev. St. § 3962, is admissible as evidence of such fact, under section 882, and is sufficient, prima facie, to support a charge against the contractor, in his account with the department, of the amount of the fine.

Appeal from the Circuit Court of the United States for the Southern Division of the District of Washington.

This suit was brought by the United States against C. C. McCoy, as principal, and David W. Small, William O'Donnell, and Thomas Mosgrove, as bondsmen, for $5,772.99 and interest, alleged to be the amount of actual damages sustained by the United States on account of the failure of McCoy to perform a contract entered into by him with the United States for the transportation of mail matter on route No. 76,475. On the trial of the cause the court below granted a motion for a judgment of nonsuit "because of the legal insufficiency of plaintiff's evidence to make out a prima facie case." The case is now before this court upon the assigned error of this ruling. It appears that on January 10, 1890, the defendant in error C. C. McCoy and his co-defendants, as bondsmen, entered into a contract with the United States for the transportation of mail in the city of San Francisco, Cal., under which the said McCoy was to furnish certain equipment for carrying the mails, and to perform certain service described in the advertisement of the postmaster general of September 16, 1889, inviting proposals for such service, and to perform all new or additional service of the same character which might at any time during the term of said contract be required in said city, for the sum of $7,700 per year. The term of the contract extended from July 1, 1890, to June 30, 1894. McCoy proceeded with his undertaking, being permitted by the postmaster general to sublet the said contract on two different occasions—First, to A. W. Branner, for the sum of $7,500 per annum; and, second, on the 1st day of December, 1890, to N. Wines, for the sum of $9,900 per annum. From November 10, 1890, the postmaster general required the contractor to perform additional service without additional compensation, in accordance with the terms of the contract. From February 16, 1891, a further service was required; and from October 1, 1891, still further service. It is alleged that on the 8th day of May, 1893, the said McCoy and the said subcontractors abandoned the said contract, and failed and refused to perform the same; that on the following day said McCoy was notified by the postoffice department that unless he should promptly put the service into operation he would be declared a failing contractor, that the service would be relet at his expense, and that his sureties would be held subject to the penalties of law; also, that the postmaster at San Francisco had been authorized to employ temporary service, pending the resumption of service of the said contractor, at the rate of $17,500 per annum; and on May 17, 1893, said McCoy having failed to perform the service on route No. 76,475, an order was made by the second assistant postmaster general declaring the said C. C. McCoy a failing contractor. It is further alleged that, by reason of this failure of the said McCoy to carry the mails as agreed, the government was compelled to procure temporary service from May 5 to August 13, 1893, for which service the amount of $4,827.77 was paid; that in addition to this amount the said McCoy was fined $5 for failure to perform the agreed service during the third quarter of the year 1893. A contract was awarded to one Max Popper, of San Francisco, for the performance of the service during the remainder of the term, namely, from August 14, 1893, to June 30, 1894, at the rate of $12.000 per annum, this being the lowest bid obtainable; and in accordance therewith the said Max Popper continued to deliver the mail as the said C. C. McCoy had himself agreed to do. The difference between the amount of the contract to McCoy and that to Popper for the specified time is $3,785.87, which is claimed to be chargeable to the defendants in error. As an offset to this claim, credit is given for the amount the said McCoy would have been entitled to receive had he complied with his contract to the end of the term, to wit, $2,845.65, leaving a remainder of $5,772.99, the actual damage claimed by the plaintiff by reason of the failure of McCoy to perform said contract. The defendants made a general denial to the allegations of the complaint. On the hearing of the case the plaintiff put in evidence certain documents, as follows: A certified copy from the records in the auditor's office of the postoffice department of the account of C. C. McCoy as failing contractor for amount of actual damage to the United States; certified copy of postmaster at Walla Walla, Wash., to the auditor, that said postmaster had made demand on C. C. McCoy and upon two of his sureties for payment of $30,000; a certified copy of account for amount of bond of C. C. McCoy, failing contractor; copy of proposals and advertisements to bidders for mail transportation service;

copy of contract and bond entered into by the defendants in error with relation to the transportation of mails on route No. 76,475; recognitions by the postmaster general of subcontracts for the service under this contract; requirements of postmaster general for additional service by contractor; two telegrams from postmaster at San Francisco to department at Washington, D. C., regarding abandonment of service by McCoy; communications to the defendants from postoffice department regarding failing contract; orders of postmaster general declaring McCoy a failing contractor, and recognizing contracts for temporary service with J. N. Gorman, and for service for balance of term with Max Popper; contract and bond of Max Popper for this service to completion of term; statements of various fines imposed upon McCoy while acting as contractor. No other evidence was offered by the plaintiff, and its case rested upon this showing.

Wilson R. Gay, U. S. Atty., and Chas. Ethelbert Claypool, Asst. U. S. Atty.

W. T. Dovell, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court.

A material allegation of the complaint was "that on the 8th day of May, 1893, the said C. C. McCoy and the said subcontractors did abandon the said contract, and did fail and refuse to perform the same." The general denial of the answer placed this allegation of the complaint in issue, and it devolved upon the plaintiff at the trial to establish the fact alleged by competent proof. The statement of McCoy's account by the auditor of the postoffice department; the telegram of the postmaster at San Francisco to the second assistant postmaster general, dated May 8, 1893, stating that the contract had been abandoned; the letter of the second assistant postmaster general, dated May 17, 1893, and addressed to the postmaster at San Francisco, approving the action of the latter in employing temporary service for the route; the certificate of the postmaster general dated May 18, 1893, declaring that McCoy had failed to perform the service, and was a failing contractor,—were all legally insufficient to establish the fact that McCoy had wholly abandoned the performance of his contract. The postmaster at San Francisco appears to have had knowledge of the fact, and all the subsequent proceedings were based upon his statement of the fact in the telegram to the second assistant postmaster general, but his testimony as to the fact was not obtained in this case. Section 3962 of the Revised Statutes provides that the postmaster general may make deductions from the pay of contractors for failures to perform service according to contract, and he is authorized to impose fines upon them for other delinquencies; but this authority does not extend to the making of a certificate that a contractor has wholly abandoned his contract, nor does it provide that, if such a certificate is made, it shall be admitted in evidence as proof of the fact of abandonment, in support of a claim for damages incurred by reason of the increased expense of the service under a new contract. The court was, therefore, right in holding that the documents offered in evidence by the plaintiff were legally insuffi-

cient to make out a prima facie case for damages on account of the alleged entire failure of McCoy to perform the service provided in his contract. But the statement of the account contains a charge of $5 for a fine imposed by the postmaster general upon the contractor for a delay of 16 hours on July 5, 1893, in dispatching 11 pouches of mail for the S. F. & S. C. R. P. O. The evidence that this fine was imposed is contained in a document authenticated by the postmaster general under the seal of the department, as required by section 882 of the Revised Statutes, which provides that copies of any books, records, papers, or documents in any of the executive departments, authenticated under the seals of such departments, respectively, shall be admitted in evidence equally with the originals thereof. The document reciting the action of the postmaster general in imposing this fine, authenticated in accordance with this section of the Revised Statutes, was offered and admitted in evidence, and was prima facie evidence that the fine had been imposed as authorized by section 3962 of the Revised Statutes. The accounting officers of the postoffice department may certify to facts which come under their official notice. U. S. v. Jones, 8 Pet. 375, 384, 8 L. Ed. 979; Bruce v. U. S., 17 How. 437, 441, 15 L. Ed. 129. They had this evidence before them, and it was official information that the fine had been imposed. The statement of account was therefore prima facie evidence of this charge of $5, and, if this evidence was not overcome by competent proof, entitled the United States to a verdict and judgment for that amount. Judgment reversed, with instructions to the court below to take further action in accordance with this opinion.